UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MACHIAS SAVINGS BANK, )<br>)<br>       Plaintiff )<br>)<br>       v. )<br>)<br>*F/V RICH ENDEAVOR* (O.N. 1293024) )<br>together with her masts, boilers, cables, )<br>engines, machinery, electronics, fishing )<br>permits, tackle, traps, appurtenances, )<br>etc., *in rem,* )<br>)<br>and )<br>)<br>COLYN C. RICH, *in personam,* )<br>)<br>       Defendants ) | 1:24-cv-00027-LEW |

**RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR INTERLOCUTORY SALE AND FOR LEAVE TO CREDIT BID** [1]

In this maritime action, governed by Rule 9(h) of the Federal Rules of Civil Procedure, and in part by Rules C and E of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims, Plaintiff seeks to enforce a maritime lien against the *F/V RICH ENDEAVOR* (O.N. 1293024) (the vessel).

The matter is before the Court on Plaintiff's Motion for Interlocutory Sale and Motion for Leave to Credit Bid. (Motions, ECF No. 20.) Following a review of the motions and after consideration of the relevant issues, I recommend the Court grant the motions.

---

[1] Magistrate judges, including in this District, have considered a motion for interlocutory sale as a dispositive motion. *Schoninger v. M/V Three Olives*, O.N., No. 2:10-cv-00069-DBH, 2010 WL 1935855, at *1 n.1 (D. Me. May 10, 2010) (citing cases).

**PROCEDURAL AND FACTUAL BACKGROUND**

On September 10, 2020, Colyn Rich (Rich) borrowed $94,850 from Plaintiff to purchase the vessel. (Verified Complaint ¶ 11, ECF No. 1.) Rich executed a promissory note payable to Plaintiff in the amount of $94,850 and granted to Plaintiff a First Preferred Mortgage against the vessel to secure payment of the note. (*Id.* ¶ 13.) Plaintiff and Rich subsequently executed two modification agreements. (*Id.* ¶ 16.)

Plaintiff commenced this action on January 30, 2024, with the filing of a verified complaint, a motion to appoint substitute custodian, a motion for issuance of warrant in rem, and a motion for order of notice. (ECF Nos. 1, 3, 4.) On February 1, 2024, the Court granted Plaintiff's motions (a) to arrest the vessel on warrant (ECF No. 7), (b) to substitute Central Maine Auction Company as the custodian of the vessel upon arrest (ECF No. 10), and (c) to approve notice by publication in *The Ellsworth American* within 45 days of the arrest, and by certified mail, return receipt requested, to parties known to have an interest in the vessel (i.e., the owner or master, any person with an undischarged recorded lien, and any mortgagee of an undischarged mortgage of record). (ECF No. 8.) The Clerk issued the warrant (ECF No. 11), and the Marshals Service thereafter executed the warrant on February 9, 2024. (ECF No. 12.)

On March 12, 2024, Plaintiff's counsel filed an affidavit regarding compliance with the Court's order of notice. (First Affidavit of Aaron P. Burns, ECF No. 16.) In the affidavit, counsel asserted that Plaintiff caused notice of the arrest of the vessel to be published in *The Ellsworth American* on February 29, 2024. (*Id.* ¶ 3.) Plaintiff also attached a copy of the "tear sheet" from *The Ellsworth American*. (Exhibit A, ECF No. 16-

2

1.) In addition, counsel confirmed that he sent by certified mail and email a copy of the notice of arrest and order of notice to Rich.[2] (First Burns Affidavit ¶¶ 5, 7.) Counsel also asserted that according to the abstract of title for the vessel, there are no junior liens or mortgages against the vessel. (*Id.* ¶ 8.)

Rich filed an answer to the complaint in which he asserted:

> I am the defendant in this case. I believe there are good reasons a judgment should not be entered against me on some or all of the claims raised by the plaintiff. I deny at least some of the plaintiff's statements in the complaint. I assert all affirmative defenses that apply to my case.

(Answer to Complaint, ECF No. 14.)

In support of the motion for interlocutory sale, Plaintiff filed an affidavit of its counsel. (Second Affidavit of Aaron P. Burns, ECF No. 20-1.) Through affidavit, counsel asserted that he served Rich with a request for admissions on March 4, 2024, and Rich did not respond to the requests. (Request for Admissions, ECF No. 20-2.) Through the requests, Plaintiff asked Rich to admit that the promissory note, mortgage, and modifications agreements were valid, that he defaulted on the note and mortgage, that Plaintiff provided him with an acceleration notice, that as of January 10, 2024, he owed Plaintiff $86,838.47, and that the maritime lien against the vessel in the amount of $86,838.47, plus interest, is unsatisfied.

---

[2] Plaintiff emailed the notice of arrest to Rich after Rich failed to sign for the certified mail. (First Burns Affidavit ¶ 7.)

## DISCUSSION

Plaintiff has established its lien on the vessel pursuant to 46 U.S.C. §§ 31341 and 31342.  The interlocutory sale of a vessel and its appurtenances may be ordered where one or more of the following justifications is established:

(A) the attached or arrested property is perishable, or liable to deterioration, decay or injury by being detained in custody pending the action;

(B) the expense of keeping the property is excessive or disproportionate; or

(C) there is an unreasonable delay in securing release of the property.

Fed. R. Civ. P. Supp. E(9)(a)(i).  *Coastal Marine Mgmt. v. M/V Sea Hunter*, 274 F. Supp. 3d 6 (D. Mass. 2017).  "The interlocutory sale of a vessel is not a deprivation of property but rather a necessary substitution of the proceeds of the sale, with all of the constitutional safeguards necessitated by the in rem process."  *Cal. Yacht Marina—Chula Vista, LLC v. S/V OPILY*, No. 14-cv-01215, 2015 WL 1197540, at *2 (S.D. Cal. Mar. 16, 2015) (quoting *Ferrous Fin. Servs. Co. v. O/S Arctic Producer*, 567 F. Supp. 400, 401 (W.D. Wash. 1983)).

Plaintiff asserts that an interlocutory sale is appropriate in this case because of the condition and likely continued deterioration of the vessel.  (*See* Affidavit of Jason Hillman, ECF No. 20-10.)  Additionally, Plaintiff requests that it be permitted to "credit bid up to 86,838.47." (Motion at 9.)

Plaintiff's request for an interlocutory sale is reasonable.  Although Rich filed an answer to the complaint, he did not specifically deny the material allegations in the verified complaint.  Furthermore, because Rich did not respond to Plaintiff's requests for admission, the matters on which Plaintiff requested Rich's admission, which matters

included the amount of the indebtedness and Rich's default on the note and mortgage, are admitted. Fed. R. Civ. P. 36(a)(3). Under the circumstances, there appears to be no reasonable basis to delay the sale with the attendant increase in expenses and potential deterioration of the vessel.[3]

Plaintiff's request for authorization to bid by credit is also reasonable. With a credit bid, Plaintiff could bid the amount of its maritime lien, and, if successful, would not be required to deposit funds with the Court. Given that Plaintiff's claim is the only maritime lien asserted in this action, on this record, Plaintiff's lien appears to be the senior lien.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Plaintiff's Motion for Interlocutory Sale and Motion for Leave to Credit Bid. I further recommend the Court find and order:

---

[3] "Title 46 U.S.C. § 31326(a) provides that when a vessel is sold pursuant to order of the district court in a civil action to enforce a maritime lien, any claim in the vessel which existed on the date of the sale is terminated so that the vessel is sold free of all liens. With certain exceptions, the terminated claims continue in existence, in the same amounts and with the same priorities, against the proceeds of the sale. 46 U.S.C. § 31326(b)." *Beyel Bros.*, *Inc. v. Barge 35*, 2014 WL 4385582, at *7 (M.D. Fla. Sept. 4, 2014). Rich has had notice of the action since at least February 8, 2024, when he was served with the complaint and summons. (Return of Service, ECF No. 13.) To date, he has not made any effort to secure release of the vessel. Courts have held that where there has not been any effort to secure the release of a vessel within four months of its arrest, interlocutory sale would be justified based on "unreasonable delay in securing release of the property." Fed. R. Civ. P. Supp. E(9)(a)(i)(C). *Schoninger v. M/V Three Olives*, No. 2:10-cv-00069-DBH, 2010 WL 1935855, at *3 (D. Me. May 10, 2010) (recommended decision, collecting cases); *Coastal Marine Mgmt.*, 274 F. Supp. 3d 6 (citing *Bank of Rio Vista v. Vessel Captain Pete*, 2004 WL 2330704, at *2 (N.D. Cal. Oct. 14, 2004)); *Yasi v. M/V Horizon's Edge*, 2014 WL 8484913, at *4 (D. Mass. Sept. 2, 2014) (citing *Louisiana Int'l Marine*, *L.L.C. v. Drilling Rig Atlas Century*, *C.A.*, 2011 WL 7637219, at *3 (S.D. Tex. Nov. 21, 2011), *adopted* 2012 WL 1067239, at *2 (S.D. Tex. Mar. 27, 2012)). Given the opportunity and time to file objections to this Recommended Decision, the Court could conceivably have additional grounds upon which to order the sale at the time the Court considers whether to order an interlocutory sale.

1. Prior to the notice of the sale by publication, Plaintiff shall file an affidavit that informs the Court of the proper calculation of his credit bid.

2. Prior to completion of notice of the sale by publication, Plaintiff shall serve a copy of affidavit upon Defendant Rich.

3. Unless an interested party appears in the case and challenges the opinions of Jason Hillman set forth in set forth in the Condition and Value Survey (ECF No. 20-11), an appraisal prior to sale is not required.[4]

4. An order for interlocutory sale be issued in substantially the form attached hereto as Exhibit A.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of July, 2024.

---

[4] "It is common practice to order an independent, confidential appraisal" prior to an interlocutory sale to assist the Court when it determines whether the sale should be confirmed. *Gowen*, *Inc. v. F/V Quality One*, No. 99-cv-00371, 2000 WL 893402, at *4 (D. Me. June 14, 2000), *aff'd*, 244 F.3d 64 (1st Cir. 2001).  *See also Me. Nat'l Bank v. F/V Explorer*, 663 F. Supp. 462, 470 (D. Me. 1987), *aff'd*, 833 F.2d 375 (1st Cir. 1987); *Coastal Marine Mgmt.*, 274 F. Supp. 3d 6 (D. Mass. 2017).  Unless there is an objection to the Condition and Value Survey, an appraisal may not be necessary.