UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MACHIAS SAVINGS BANK,  )<br>   )<br>  Plaintiff,  )<br>   )<br> v.  )<br>   )<br>F/V *RICH ENDEAVOR* (O.N. 1293024)  )<br>together with her masts, boilers, cables,  )<br>engines, machinery, electronics, fishing  )<br>permits, tackle, traps, appurtenances,  )<br>etc. *in rem*, and COLYN C. RICH, *in*  )<br>*personam*,  )<br>   )<br>  Defendants.  )  | 1:24-cv-00027-LEW |

**ORDER AFFIRMING RECOMMENDED DECISION AND GRANTING MOTION FOR INTERLOCUTORY SALE OF VESSEL**

On June 14, 2024, Machias Savings Bank ("Plaintiff") filed a Motion for Interlocutory Sale and for Leave to Credit Bid (ECF No. 20). Plaintiff moved for the Interlocutory Sale of the *in rem* defendant F/V *Rich Endeavor* (O.N. 1293024), together with her masts, boilers, cables, engines, machinery, electronics, fishing permits, tackle, traps, appurtenances, etc. *in rem* ("Vessel") pursuant to Rule E of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

On July 17, 2024, Magistrate Judge John C. Nivison, filed with the court, with copies to the parties, his Recommended Decision (ECF No. 21). The time within which to file objections expired on July 31, 2024, and no objections have been filed. The Magistrate Judge notified the parties that failure to object would waive their right to *de novo* review and appeal. It is therefore ORDERED that the Recommended Decision of the Magistrate Judge (ECF No. 21) is hereby AFFIRMED and ADOPTED and Plaintiff's Motion for Interlocutory Sale and for Leave to Credit Bid (ECF No. 20) is GRANTED.

As explained in the Recommended Decision, the Marshal arrested the Vessel on February

9, 2024.  More than five months have passed, and the Vessel has not been released from custody. In addition, there is undisputed evidence that the Vessel is liable to decay or deteriorate by ongoing exposure to the elements due to its poor condition.  Based on the record, the Court finds that the Vessel is liable to deterioration and decay by being detained in custody pending the action and that there has been an unreasonable delay in securing the release of the Vessel.  Accordingly, the Court orders the interlocutory sale of the Vessel pursuant to Supplemental Rule E (9)(a)(i)(A) & (C).

In addition, the Plaintiff has established that it has a first priority maritime lien against the Vessel by virtue of its recorded Ship Mortgage, and that the amount secured by the Ship Mortgage is not less than $86,838.47, plus interest, and costs, and *in custodia legis* costs advanced by it. Accordingly, the Plaintiff shall be entitled to credit bid the amount of its secured claim at the sale of the Vessel as set forth below.

THEREFORE, IT IS ORDERED that:

1. The United States Marshal for the District of Maine or any of his deputies ("Marshal") shall sell the Vessel, including its appurtenances, and specifically including without limitation, all fishing permits, *see Gowen*, *Inc. v. F/V Quality One*, 244 F.3d 64, 67–71 (1st Cir. 2001), at public auction sale to an "eligible person," *see* 46 U.S.C. § 31329, for the highest price that can be obtained.

2. The sale of the Vessel shall be scheduled for a date within 60 days of the entry of this Order on the Court's docket at a date, time, and place selected by the Plaintiff after consultation with the Marshal and confirmation of the Marshal's availability.

3. The Plaintiff shall give notice of the date, time, and place of said sale by advertising the same for at least once a week for two (2) successive weeks in *The Ellsworth American*, with the first advertisement to be at least fourteen (14) days prior to the date of said sale.  A copy of the notice of sale will also be provided to Defendant Colyn C. Rich via U.S. Mail.

4.     Prior to the notice of the sale by publication, Plaintiff shall file an affidavit that informs the Court of the proper calculation of its credit bid.  Prior to completion of notice of the sale by publication, Plaintiff shall serve a copy of affidavit upon Defendant Colyn C. Rich.  Unless an interested party appears in the case and challenges the opinions of Jason Hillman as set forth in the Condition and Value Survey (ECF No. 21-11), an appraisal prior to sale is not required.

5.     In consideration of its services provided as substitute custodian of the Vessel, as well as its agreement to provide services to market and advertise the sale of the Vessel, Central Maine Auction Center ("Substitute Custodian") shall be entitled to receive a 10% commission of the gross sale price of the Vessel, up to a maximum commission of $5,000.00, as a cost of sale, plus reimbursement of its out-of-pocket costs up to $750.00 as a cost of sale.  If the Plaintiff is the ultimate purchaser, Central Maine Auction Center shall receive a fee of $500.00, plus reimbursement of its out-of-pocket expenses up to $750.00 as a cost of sale.

6.     Prospective bidders may arrange with the Substitute Custodian to inspect and/or survey the Vessel at the Substitute Custodian's facility in Hermon, Maine, during business hours at their own risk, provided that any such persons inspecting or surveying the Vessel shall agree to release and hold the United States Marshals Service, the Substitute Custodian, the Plaintiff, and anyone affiliated with them harmless for any personal injuries or harm caused to them during the inspection, even if caused by the negligence of a released party.

7.     The Marshal, after consultation with the Plaintiff, has discretion to announce and set terms of sale that are consistent with the provisions of this Order, in form and substance that are customary for secured creditor dispositions in the State of Maine.

8.     The minimum bid price will be Five Thousand Dollars ($5,000.00).  Bidders must provide a deposit of $5,000.00 to the Marshal at the time of sale via cashier's check or other certified funds.  The deposit will be non-refundable as to the successful bidder.  If the successful bidder fails

to close, the deposit will be forfeited and shall be paid to the Plaintiff to be credited toward costs of sale, advertising, and the costs and attorneys' fees to be incurred by the Plaintiff to reschedule the sale, if any.  Any amount remaining shall be used to pay down the Defendant's secured indebtedness to Plaintiff.

9. At the public sale, the Marshal will sell the Vessel to the highest and best eligible bidder, said sale to be subject to the confirmation of this Court.  The balance of the purchase price must be paid to the Marshal within five (5) business days of the conclusion of the sale.

10. The highest bidder at the sale shall enter into a Purchase and Sale Agreement with the Marshal for the purchase of the Vessel, subject to the confirmation of this Court.  The Plaintiff is exempt from this requirement.

11. The Marshal, after deducting his statutory commission and costs, shall pay the proceeds of the sale to the registry of this Court to be held pending further proceedings.

12. The sale of the Vessel will be free and clear of all liens, claims and encumbrances pursuant to 46 U.S.C. § 31326.  The sale of the Vessel will be "AS IS", "WHERE IS", and "WITH ALL FAULTS."  There will be no warranty relating to title, possession, quiet enjoyment, or the like in this disposition.

13. The Marshal shall have discretion to: (a) set bid increments, (b) determine eligibility to bid, (c) with the consent of the Plaintiff, adjourn the auction from time to time with no adjournment lasting more than fourteen (14) days by announcement to those present at the auction of the time, date, and location where the public sale will reconvene, and (d) accept bids via telephone or internet provided that suitable arrangements have been made to collect the bid deposit in advance.

14. The Marshal, with the consent of the Plaintiff, shall also have discretion to (a) waive or modify the minimum bid or deposit requirement, and (b) provide the winning bidder with an

extension of time to pay the remaining balance of the purchase price without further order of this Court.

15. The Plaintiff is entitled to credit bid at the public sale up to the amount of its secured indebtedness, interest, and costs (but not attorneys' fees) without outlay of funds and it is not required to pay a deposit. Plaintiff is hereby given leave to credit bid up to $86,838.47 as established by its Verified Complaint, and the Defendant's Rule 36 Admissions.

16. If Plaintiff is the successful high bidder, it will be required to arrange to pay any costs and commissions due to the Marshal prior to receiving a bill of sale for the Vessel. Plaintiff is also responsible for paying the agreed-upon bank purchase fee to the Substitute Custodian.

17. Plaintiff shall file with the Court and serve a report of sale on the Defendant within a reasonable time of the conclusion of the sale. The Plaintiff's report of sale shall be accepted, and the sale will be automatically confirmed unless the Defendant files and serves an objection to the report of sale within 14 days of the date that the Plaintiff files the report of sale with the Court. Plaintiff shall have 21 days to respond to any such objection.

18. Unless an objection to the Report of Sale is filed within 14 days of the filing of the Report of Sale, the Marshal shall be authorized and directed to execute a bill of sale to the successful high bidder, provided that all of the Marshal's statutory commissions and costs have been paid.

SO ORDERED.

Dated this 14th day of August, 2024.

/s/ Lance E. Walker
Chief U.S. District Judge