UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MACHIAS SAVINGS BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24-cv-00027-LEW |
| | ) | |
| *F/V RICH ENDEAVOR*, together with | ) | |
| her masts, boilers, cables, engines, | ) | |
| machinery, electronics, fishing permits, | ) | |
| tackle, traps, appurtenances, etc., | ) | |
| *in rem*, and | ) | |
| | ) | |
| COLYN RICH, *in personam*, | ) | |
| | ) | |
| Defendants | ) | |

**ORDER DIRECTING ENTRY OF FINAL JUDGMENT**

The matter is before the Court on Plaintiff Machias Savings Bank's Motion for Summary Judgment (ECF No. 26) in this vessel foreclosure proceeding under the Commercial Instruments and Maritime Lien Act. Through its Motion, Plaintiff seeks judgment *in rem* against the Fishing Vessel ("F/V") *Rich Endeavor*, foreclosure of Colyn Rich's interest in the same, and a deficiency judgment, *in personam*, against Rich. The Motion is unopposed and, for reasons that follow, granted. Because no objection has been raised to the report of sale, final judgment will also enter as set forth in the conclusion of this Order.

**SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, a party may file a motion for summary judgment, thereby initiating a procedure "for promptly disposing of actions in which there is no genuine issue as to any material fact." Fed. R. Civ. P. 56 adv. comm. note of 1937. By rule, the court "shall grant" such a motion provided the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The assessment of the veracity of the movant's claim as to the non-existence of a material dispute of fact is based on "materials in the record, including depositions, documents, electronically stored information, affidavits or declaration, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). In addition, pursuant to District of Maine Local Rule 56, the summary judgment facts are to be drawn from the parties' statements of material facts supported by record citation. Moreover, "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations . . ., shall be deemed admitted unless properly controverted" by the opposing party. D. Me. Loc. R. 56(f).

In this matter, the only statement provided to the Court is the Statement of Material Fact of Machias Savings Bank (ECF No. 27). That statement is supported by record citations that substantiate the movant's factual assertions. Defendants have not opposed Machias Savings Bank's Statement and, thus, they are deemed to have admitted the accuracy of the factual assertions contained in the Statement.

## FACTS

This is a foreclosure action *in rem* against the *F/V Rich Endeavor* (O.N. 1293024) with her masts, boilers, cables, engines, machinery, electronics, fishing permits, tackle, traps, appurtenances, etc. (the "Vessel"), and an *in personam* action against defendant Colyn C. Rich as the mortgagor and obligor under a promissory note secured by a duly-perfected, first preferred ship mortgage against the Vessel.

Plaintiff Machias Savings Bank is a Maine bank corporation with a principal place of business at 4 Center St., Machias, Maine. The Vessel is a commercial fishing vessel documented pursuant to the laws of the United States of America and bearing official number 1293024. *In personam* Defendant Colyn C. Rich was heretofore owner of the vessel and is a resident of Bass Harbor, Maine.

Venue is properly laid in the District of Maine pursuant to Rules C and E of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and 28 U.S.C. § 1391(b) because the Vessel is located within the District of Maine, the Bank's principal place of business is in the District of Maine, and Rich is domiciled in the District of Maine.

Rich borrowed $94,850.00 from Machias Savings Bank for purchase money financing to acquire the Vessel and, in connection therewith, executed and delivered to the Bank a promissory note ("Note") dated September 10, 2020, in the original principal amount of $94,850.00. To secure the payment of the Note, Rich executed and delivered a First Preferred Mortgage dated September 10, 2020 ("Ship Mortgage") covering the Vessel, and by the terms of the Ship Mortgage, assigned, pledged, mortgaged, set over and

conveyed the Vessel to the Bank to secure the payment of the Note, future advances, and all other obligations set forth in the Ship Mortgage.

The Ship Mortgage was duly recorded with the National Vessel Documentation Center in accordance with 46 U.S.C. § 31321 on September 24, 2020, at 12:07 p.m., making it a preferred ship mortgage against the Vessel for purposes of the Commercial Instruments and Maritime Lien Act.

Rich and Machias Savings Bank entered into two modification agreements, the first of which was dated December 17, 2020, and the second of which was dated February 14, 2023.

Rich defaulted under the terms of the Note and the Ship Mortgage by failing to make loan payments when due. Machias Savings Bank provided Rich with a notice of his default under the Note and the Ship Mortgage on December 4, 2023. Subsequently, on January 5, 2024, Machias Savings Bank provided Rich with a notice that it had accelerated the balance due under the Note based on the uncured default.

As of January 10, 2024, Rich owed the Bank $86,838.47, consisting of principal of $77,900.38, accrued interest of $6,021.04, and late charges of $2,915.05 pursuant to the Note as modified.

Machias Savings Bank commenced this action by filing its Verified Complaint on January 30, 2024. From January 10, 2024 to January 30, 2024, interest accrued on the outstanding principal balance of the Loan at the rate of 11.5%, for a per diem accrual of $16.23. This equates to $308.37 in additional interest as of the commencement date of this civil action ($16.23 x 19 days). *See* "Interest After Default" provision of the Note (Exhibit

1) (increasing interest by 4 percentage points following a default); and Exhibit 4 (Second Modification Agreement) at ¶ 4 (setting fixed non-default interest rate of 7.5% on a 360/365 basis). Accounting for per diem interest, the total amount due to the Bank from the Defendants as of January 30, 2024 is $87,146.84 ($86,838.47 + $308.37).

As of January 30, 2024, the Bank has an unsatisfied maritime lien against the Vessel in the amount of $87,146.84, plus pre-judgment interest, costs and attorneys' fees. Pursuant to the Note and the Ship Mortgage, the Defendants agreed to pay the Bank's attorneys' fees and costs of collection. Exhibit 1 (Note) p.2; Exhibit 2 (Ship Mortgage) p.3).

On October 17, 2024, the Bank filed its Report of Sale, reporting sale of the Vessel to a third-party in the amount of $20,000.00 and costs of sale in the amount of $10,082.26, leaving a credit of $9,917.74 to apply against the deficiency. My prior Order Granting Motion for Interlocutory Sale (ECF No. 24 at 5, ¶ 17) provided: "The Plaintiff's report of sale shall be accepted, and the sale will be automatically confirmed unless the Defendant files and serves an objection to the report of sale within 14 days of the date that the Plaintiff files the report of sale with the Court." No objection has been filed as of this date, which date is more than 14 days subsequent to the Report of Sale. Accordingly, the sale is now effectively confirmed on the terms set forth in the Bank's Report of Sale.

## DISCUSSION

It is undisputed that the Ship Mortgage is a "preferred mortgage"[1] under the Commercial Instruments and Maritime Lien Act ("CIMLA"), also known as the Ship Mortgage Act, 46 U.S.C. §§ 31301 *et seq*., that Defendants are in default on the Note secured by the Ship Mortgage due to non-payment, and that the Note and Ship Mortgage provide for the recovery of costs and attorney fees.

"On default of any term of the preferred mortgage, the mortgagee may—(1) enforce the preferred mortgage lien in a civil action in rem for a documented vessel . . . , [and] (2) enforce a claim for the outstanding indebtedness secured by the mortgaged vessel in . . . a civil action in personam in admiralty against the mortgagor . . . for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness." 46 U.S.C. § 31325(b)(1), (2). The district courts have original jurisdiction of a civil action brought under § 31325(b)(1) or (2). *Id*. §§ 31304(b), 31325(c). If the plaintiff-mortgagee prevails, an award of costs and attorney's fees is appropriate, particularly where the commercial instruments so provide, *id.* §§ 31304(b), 31325(d)(3); *see also Gen. Elec. Credit Corp. v. Oil Screw Triton VI*, 712 F.2d 991, 994 (5th Cir. 1983), as they do here.

Machias Savings Bank is entitled to summary judgment because it has a preferred mortgage and Defendants' default is undisputed. The proper amount of the indebtedness, adjusted by the proceeds of sale, is also established at $77,229.10, plus prejudgment interest of 11.5% per annum and post- judgment interest. An award of costs and attorneys'

---

[1] The Ship Mortgage Act defines a preferred ship mortgage as one that "(1) includes the whole of the vessel; (2) is filed in substantial compliance with section 31321 . . . ; [and] (3) covers a documented vessel." Here, all three elements are met.

fees is appropriate given the terms of the Note and Ship Mortgage. Plaintiff will submit its application for costs and fees in accordance with Local Rule 54.2 by separate motion following the entry of final judgment.

## CONCLUSION

Plaintiff's Motion for Summary Judgment (ECF No. 26) is GRANTED.  Final judgment will enter on the terms set forth above.

**SO ORDERED.**

Dated this 7th day of November, 2024

/s/ Lance E. Walker
Chief U.S. District Judge